OPINION
{¶ 1} This matter comes for consideration upon the record in the trial court and the parties' briefs. Appellant Jon Scott Bloyer appeals the Mahoning County Court of Common Pleas decision ordering him to serve his sentence consecutive to one previously imposed by the Trumbull County Court of Common Pleas. Because the trial court failed to make one of the requisite statutory findings before imposing consecutive sentences, the decision of the trial court is reversed and remanded.
 Facts {¶ 2} On February 17, 2004, in Trumbull County, Bloyer pleaded guilty to two counts of Attempted Pandering Obscenity Involving a minor, in violation of R.C. 2923.02 and 2907.322(A)(5), felonies of the third degree. Bloyer was sentenced by the Trumbull County Common Pleas Court to two one-year sentences to run concurrently.
 {¶ 3} On March 2, 2004, in Mahoning County, Bloyer pleaded guilty to two counts of Pandering Obscenity Involving a Minor in violation of R.C.2907.321(A)(5)(c), felonies of the fourth degree. The Mahoning County Common Pleas Court likewise imposed a one-year sentence for each of the two sentences to run concurrently, but then ordered that they be served consecutive to the sentence imposed by the Trumbull County Common Pleas Court. It is from that decision that Bloyer now appeals.
 Intercounty Consecutive Sentences {¶ 4} As his sole assignment of error, Bloyer claims:
 {¶ 5} "The trial court erred in imposing a sentence consecutive to the Trumbull County Sentence, which action was in contravention of R.C. 2929.41
and R.C. 2929.14(E)."
 {¶ 6} Bloyer correctly states that R.C. 2929.41, which allows for consecutive sentences in certain instances, is inapplicable to this case. That statute reads in relevant part:
 {¶ 7} "(A) Except as provided in division (B) of this section, division (E) of section 2929.14, or division (D) or (E) of section 2971.03
of the Revised Code, a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States. Except as provided in division (B)(3) of this section, a jail term or sentence of imprisonment for misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for felony served in a state or federal correctional institution.
 {¶ 8} "(B)(1) A jail term or sentence of imprisonment for a misdemeanor shall be served consecutively to any other prison term, jail term, or sentence of imprisonment when the trial court specifies that it is to be served consecutively or when it is imposed for a misdemeanor violation of section 2907.322, 2921.34, or 2923.131 of the Revised Code.
 {¶ 9} "* * *"
 {¶ 10} "(2) If a court of this state imposes a prison term upon the offender for the commission of a felony and a court of another state or the United States also has imposed a prison term upon the offender for the commission of a felony, the court of this state may order that the offender serve the prison term it imposes consecutively to any prison term imposed upon the offender by the court of another state or the United States.
 {¶ 11} "(3) A jail term or sentence of imprisonment imposed for a misdemeanor violation of section 4510.11, 4510.14, 4510.16, 4510.21, or4511.19 of the Revised Code shall be served consecutively to a prison term that is imposed for a felony violation of section 2903.06, 2903.07,2903.08, or 4511.19 of the Revised Code or a felony violation of section2903.04 of the Revised Code involving the operation of a motor vehicle by the offender and that is served in a state correctional institution when the trial court specifies that it is to be served consecutively." Id.
 {¶ 12} Because Bloyer was convicted of two felonies in the State of Ohio, nothing in section (B) applies to this situation. Accordingly, this court must look to R.C. 2929.14(E)(4) to determine whether the trial court properly imposed consecutive sentences in this case. Pursuant to the Ohio Supreme Court,
 {¶ 13} "A court may not impose consecutive sentences for multiple offenses unless it `finds' three statutory factors. R.C. 2929.14(E)(4). First, the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. Id. Second, the court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Third, the court must find the existence of one of the enumerated circumstances in R.C.2929.14(E)(4)(a) through (c)." State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, at ¶ 13 (footnote omitted).
 {¶ 14} R.C. 2929.14(E)(4) provides as follows:
 {¶ 15} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.
 {¶ 16} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 17} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 18} When imposing consecutive sentences for multiple offenses under R.C. 2929.14, the trial court is also required to "make a finding that gives * * * its reasons for imposing the consecutive sentences." R.C.2929.19(B)(2)(c). "Pursuant to R.C. 2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." Comer, 2003-Ohio-4165,99 Ohio St.3d 463, paragraph one of the syllabus.
 {¶ 19} A review of the transcript reveals that Bloyer's assignment of error has merit. More specifically, the trial court explained its decision to impose consecutive sentences as follows:
 {¶ 20} "The Court does find that the shortest sentence would demean the seriousness of the offense. Contrary to whatever blocks were marked and what weren't marked, it's the Court's opinion that there is a great chance of recidivism, and I'm taking into view the fact that other incidents may have taken place by virtue of the allegations contained concerning Springboro and also the issues involved in the conviction in Trumbull County. But the Court does find that there's a great chance of recidivism here in this situation, and the Court further finds that in order to protect the public, in order to protect the public from future crime, that in fact consecutive sentencing is warranted."
 {¶ 21} It is clear from the record that the trial court failed to make one of the requisite findings under R.C. 2929.14 at the sentencing hearing. Although the trial court stated on the record that the shortest sentence would demean the seriousness of the offense, the trial court never mentioned whether consecutive sentences were proportionate to the seriousness of the offender's conduct. Because this finding must be made on the record at the time of sentencing, the trial court erred in imposing consecutive sentences in this case. Accordingly, the judgment of the trial court is reversed and this cause is remanded for further proceedings.
Vukovich, J., concurs.
Waite, J., concurs.